IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS JOSEPH DAYRIDER,<br><br>Defendant. | CR 19-05-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Douglas Joseph Dayrider (Dayrider) has been accused of violating the conditions of his supervised release. Dayrider admitted all of the alleged violations, except alleged violation 1. The Court dismissed alleged violation 1 on the government's motion. Dayrider's supervised release should be revoked. Dayrider should be placed in custody for 6 months, with 54 months of supervised release to follow.

## II. Status

Dayrider pleaded guilty to Failing to Register as a Sex Offender on April 24, 2019. (Doc. 20). The Court sentenced Dayrider to 36 months of custody, followed by 5 years of supervised release. (Doc. 28). Dayrider's current

term of supervised release began on August 27, 2021. (Doc. 49 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on July 25, 2022, requesting that the Court revoke Dayrider's supervised release. (Doc. 49). The Amended Petition alleged that Dayrider had violated the conditions of his supervised release: 1) by failing to reside at a residence approved by his probation officer on two separate occasions; 2) by failing to report for sex offender treatment on two separate occasions; and 3) by failing to report for substance abuse treatment on two separate occasions.

**Initial appearance**

Dayrider appeared before the undersigned for his initial appearance on the Amended Petition on September 28, 2022. Dayrider was represented by counsel. Dayrider stated that he had read the petition and that he understood the allegations. Dayrider waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 28, 2022. Dayrider admitted that he had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment on two separate occasions; 2) by failing to

2

report for substance abuse treatment on two separate occasions; and 3) by failing to reside at a residence approved by his probation officer. Dayrider denied alleged violation 1. The Court dismissed alleged violation 1 on the government's motion. The violations that Dayrider admitted are serious and warrant revocation of Dayrider's supervised release.

Dayrider's violations are Grade C violations. Dayrider's criminal history category is IV. Dayrider's underlying offense is a Class C felony. Dayrider could be incarcerated for up to 24 months. Dayrider could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Dayrider's supervised release should be revoked. Dayrider should be incarcerated for 6 months, with 54 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Dayrider that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Dayrider of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Dayrider that Judge

Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Douglas Joseph Dayrider violated the conditions of his supervised release: by failing to report for sex offender treatment on two separate occasions; by failing to report for substance abuse treatment on two separate occasions; and by failing to reside at a residence approved by his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Dayrider's supervised release and commit Dayrider to the custody of the United States Bureau of Prisons for 6 months, with 54 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

4

judge.

DATED this 28th day of September, 2022.

_____
John Johnston
United States Magistrate Judge