**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-05-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND** |
| | **RECOMMENDATIONS** |
| vs. | |
| DOUGLAS JOSEPH DAYRIDER, | |
| Defendant. | |

## I.  Synopsis

Defendant Douglas Joseph Dayrider (Dayrider) has been accused of violating the conditions of his supervised release.  Dayrider admitted all of the alleged violations.  Dayrider's supervised release should be revoked.  Dayrider should be placed in custody for 1 year and 1 day, with no supervised release to follow.

## II.  Status

Dayrider pleaded guilty to Failing to Register as a Sex Offender on April 24, 2019.  (Doc. 20).  The Court sentenced Dayrider to 36 months of custody, followed by 5 years of supervised release.  (Doc. 28).  Dayrider's current term of supervised release began on February 10, 2023.  (Doc. 61 at 2).

**Petition**

The United States Probation Office filed a Petition on May 11, 2023, requesting that the Court revoke Dayrider's supervised release. (Doc. 61). The Petition alleged that Dayrider had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment on three separate occasions; 2) by failing to report for substance abuse treatment; 3) by committing another crime; and 4) by failing to complete his sex offender treatment program.

**Initial appearance**

Dayrider appeared before the undersigned for his initial appearance on June 6, 2023. Dayrider was represented by counsel. Dayrider stated that he had read the petition and that he understood the allegations. Dayrider waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 6, 2023. Dayrider admitted that he had violated the conditions of his supervised release: 1) by failing to report for sex offender treatment on three separate occasions; 2) by failing to report for substance abuse treatment; 3) by committing another crime; and 4) by failing to complete his sex offender treatment program. The violations are serious

2

and warrant revocation of Dayrider's supervised release.

Dayrider's violations are Grade C violations. Dayrider's criminal history category is IV. Dayrider's underlying offense is a Class C felony. Dayrider could be incarcerated for up to 24 months. Dayrider could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III.   Analysis

Dayrider's supervised release should be revoked. Dayrider should be incarcerated for 1 year and 1 day, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Dayrider that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Dayrider of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Dayrider that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Dayrider stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge

Morris.

The Court **FINDS:**

> That Douglas Joseph Dayrider violated the conditions of his supervised release: by failing to report for sex offender treatment on three separate occasions; by failing to report for substance abuse treatment; by committing another crime; and by failing to complete his sex offender treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Dayrider's supervised release and commit Dayrider to the custody of the United States Bureau of Prisons for 1 year and 1 day, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 7th day of June, 2023.


John Johnston
United States Magistrate Judge